UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARRIEL L. GILBERT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:08CV151 JCH |
| TROY STEELE, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Darriel L. Gilbert's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On December 9, 2004, a jury in the Circuit Court of St. Louis County, Missouri, found Petitioner guilty of one count of kidnapping, one count of armed criminal action, and one count of assault in the second degree. Petitioner was sentenced to ten years imprisonment for kidnapping, twenty years imprisonment for armed criminal action, and five years imprisonment for assault in the second degree, said sentences to run consecutively. Petitioner's convictions and sentence were affirmed on appeal. State v. Gilbert, 179 S.W.3d 395 (Mo. App. 2005). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. G). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Gilbert v. State, 239 S.W.3d 692 (Mo. App. 2007).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That the trial court abused its discretion and denied Petitioner his rights to due process and a fair trial, when it allowed the State to file an Information in Lieu of Indictment on November 23, 2004, and then an Amended Information in Lieu of Indictment on December 2, 2004;

(2) That the trial court abused its discretion and denied Petitioner his right to be tried for the crimes charged, when it allowed the State to introduce evidence of Petitioner's actions after the kidnapping victim was released;

(3) That Petitioner was denied his rights to due process and a speedy trial, when he wasn't tried until almost fifteen years after his arrest; and

(4) That Petitioner was denied his statutory right to a speedy trial, when he wasn't tried until almost fifteen years after he filed a motion for speedy trial and disposition of the case.[1]

The Court will address the claims in turn.

## DISCUSSION

**A.** **Procedural Default**

As stated above, in Ground 3 of his petition Petitioner asserts he was denied his rights to due process and a speedy trial, when he wasn't tried until almost fifteen years after his arrest. (§ 2254 Petition, PP. 9-10). In Ground 4 of his petition Petitioner asserts he was denied his statutory right to a speedy trial, when he wasn't tried until almost fifteen years after he filed a motion for speedy trial and disposition of the case. (Id., PP. 11-12). A review of the record reveals that Petitioner failed to raise Grounds 3 and 4 on direct appeal of his convictions.[2] A claim must be presented at each step

---

[1] As the Court construes Ground 4, Petitioner claims his statutory right under the Interstate Agreement on Detainers ("IAD") was violated when he was not brought to trial within 180 days of filing a formal request for disposition of the charges against him. Under Eighth Circuit law, however, without more a violation of the IAD does not justify federal habeas relief. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), cert. denied, 514 U.S. 1024 (1995). Rather, "[a] separate showing that the Sixth Amendment speedy trial requirement has been violated must be made before habeas relief will be granted." Id. (citation omitted).

[2] While Petitioner raised the claims during his post-conviction proceedings, the Missouri courts held they were not cognizable in that context. (See Resp. Exh. G, PP. 38-39; Resp. Exh. J, PP. 3-4).

of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise the claims in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Petitioner's claims regarding his failure to receive a speedy trial raised in Grounds 3 and 4 of the instant petition are therefore procedurally defaulted and will be denied.

As further support for its ruling, this Court notes the post-conviction motion court denied Petitioner's claims on the merits, as follows:

### Findings Of Fact

> 35. ....Movant[3] alleges in his amended motion that he made repeated requests for speedy trial which were denied and he had to wait for nearly fifteen (15) years for disposition.[4] As a result of the delay Movant asserts that

---

[3] Petitioner is referred to as "Movant" by the post-conviction motion court.

[4] During the approximately fourteen years between Petitioner's crimes and his trial in Missouri, Petitioner was incarcerated in the State of Mississippi on charges of manslaughter and aggravated assault. (Resp. Exh. G, PP. 31-32).

his fundamental right to a speedy trial was violated in that the original judgment was invalid and the trial court lacked jurisdiction to enter a judgment of conviction and sentence him....

**Conclusions Of Law**

3. In the context of whether Movant has suffered prejudice as a result of infringement upon his Sixth Amendment right to a speedy trial, the United States Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), has set out a balancing test to aid in that determination. <u>State v. White</u>, 689 S.W.2d 699 (Mo. App. 1985). The <u>Barker</u> balancing test and analysis has been adopted in Missouri. <u>State v. Reynolds</u>, 813 S.W.2d 324, 326 (Mo. App. 1991), citing to <u>White</u>, 689 S.W.2d at 702. Movant's assertion, in his Amended Motion, that as a result of the nearly fifteen (15) year delay in bringing his case to disposition his fundamental right to a speedy trial was violated and he suffered prejudice has been expressly rejected. <u>State v. White</u>, 689 S.W.2d 702. Speaking for the majority in a unanimous decision in <u>Barker</u>, Justice Powell stated:

"The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused...

...[Unlike] the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to a speedy trial does not per se prejudice the accused's ability to defend himself. <u>407 U.S. at 519-21</u>." <u>White</u>, 689 S.W.2d at 702. Therefore, lengthy delay alone does not mean that Movant's right to a speedy trial was violated and he suffered prejudice. <u>White</u>, 689 S.W.2d at 702. Other than Movant's claim of lengthy delay, there are no other allegations in Movant's amended motion which show that he was prejudiced. <u>White</u>, 689 S.W.2d at 703; <u>Reynolds</u>, 813 S.W.2d at 326-327.

4. Movant has failed to establish any basis in law to have his judgment or sentence vacated, set aside or corrected.

(Resp. Exh. G, PP. 38-40).[5]

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

---

[5] As stated above, the Missouri Court of Appeals declined to review Petitioner's claims, finding them to be non-cognizable. (Resp. Exh. J, PP. 2-4).

> respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decision of the Missouri court is entitled to deference. Specifically, the Court notes the Eighth Circuit, "consider[s] four factors when applying a Sixth Amendment balancing test to pretrial delay: 1) the length of delay; 2) the reason for delay; 3) whether the defendant asserted the right to a speedy trial; and 4) whether the defendant suffered any prejudice." United States v. Jeanetta, 533 F.3d 651, 656 (8th Cir. 2008), citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). While the length of delay in Petitioner's case was presumptively prejudicial for purposes of the first factor, "[p]resumptive prejudice for first-prong purposes raises no such fourth-prong presumption; it is just a threshold below which a court need not even consider *Barker's* other factors." State v. Atchison, 2008 WL 2967078 at *4 (Mo. App. Aug. 5, 2008) (citations omitted); see also Jeanetta, 533 F.3d at 656.

In the instant case, the Court finds consideration of the other factors demonstrates Petitioner's right to a speedy trial was not violated. Under the second factor, the Court finds justifiable the reason for the delay, i.e., Petitioner's incarceration in Mississippi, a non-party state to the IAD. See Robinson v. Mississippi State Bd. of Probation and Parole, 2007 WL 325795 at *1 (S.D. Miss. Jan. 31, 2007) (citation omitted) ("Mississippi is not a member of the Interstate Agreement on Detainers"); see also Doggett v. United States, 505 U.S. 647, 656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (where the government pursues a defendant with reasonable diligence, a speedy trial claim

generally fails as a matter of course no matter how great the delay, as long as defendant shows no specific prejudice to his defense).  With respect to the third factor, when and how the speedy trial issue was asserted, the Court notes Petitioner first requested a speedy trial on August 30, 1999, more than eight years after charges were brought against him in Missouri.  (See Resp. Exh. A1, PP. 39-46). This delay weighs against Petitioner in the Barker analysis.  See Reynolds v. Leapley, 52 F.3d 762, 764 (8th Cir. 1995) ("If [Petitioner] truly feared that his rights were being violated and that he would be prejudiced by the delay, he would have sent proper notice much earlier.").  Finally, with respect to the fourth factor, whether Petitioner has suffered any prejudice, "the paramount concern [is] whether delay has impaired the ability to make a defense."  Atchison, 2008 WL 2967078 at *4 (citations omitted).[6]  In the instant case, Petitioner does not point to any actual prejudice in the delay, nor does he allege his defense was impaired by the delay.  United States v. McGhee, 532 F.3d 733, 740 (8th Cir. 2008).[7]  Thus, in considering the Barker factors in light of the facts presented here, the Court finds Petitioner's right to a speedy trial was not violated.  Id.; see also Reynolds, 52 F.3d at763-764.  Grounds 3 and 4 of the instant petition must therefore be denied.

**B.     Claims Addressed On The Merits**

   **1.     Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the trial court abused its discretion and denied Petitioner his rights to due process and a fair trial, when it allowed the State

---

[6] Prejudice to a defendant is the most important factor in the Barker analysis.  Atchison, 2008 WL 2967078 at *4.

[7] The Court cannot deduce such prejudice independently, as Petitioner presented no defense at trial, and neither he nor the record suggests this was due to delay.  Atchison, 2008 WL 2967078 at *5; see also Resp. Exh. G, P. 36 ("Movant's Motion to Dismiss cites no prejudice, other than 'passage of time' to Movant."); P. 37 ("During the course of the trial Movant did not testify and did not call any witnesses to testify on his behalf.").

to file an Information in Lieu of Indictment on November 23, 2004, and then an Amended Information in Lieu of Indictment on December 2, 2004. (§ 2254 Petition, PP. 6-7). Petitioner raised this claim on direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> Gilbert claims the trial court abused its discretion in permitting the State, first, to file an information in lieu of an indictment less than two weeks before trial, and second, to amend the information shortly before trial, over defense counsel's objections, because these amendments provided his defense counsel with inadequate notice, charged different offenses, and deprived Gilbert of his anticipated defense.
>
> We note initially that our review of a trial court's decision to permit the State to amend an information is for an abuse of discretion. State v. Boone Retirement Center, Inc., 26 S.W.3d 265, 269 (Mo. App. W.D. 2005).
>
> It is undisputed that the trial was set to begin on 6 December 2004. On 23 November 2004, the State notified Gilbert that it intended to request leave to file an information in lieu of the indictment that was originally filed on 28 June 1991. The original indictment charged Gilbert with, among other things, kidnapping, and specifically alleged that the purpose of this crime was "facilitating the commission of a felony, to wit: murder." However, the trial court permitted the State to amend the information, which also charged Gilbert with kidnapping, but specifically alleged that the purpose was "facilitating the commission of inflicting physical injury on or terrorizing Annette Felton."
>
> In addition, shortly before the trial began, the State filed a second amended information, which alleged that the purpose behind Gilbert's kidnapping offense was "facilitating the commission of a felony, to-wit: assault in the first degree on Annette Felton." Defense counsel objected, but the trial court again permitted the State to amend the information.
>
> Gilbert specifically argued at the hearing before the trial, as well as in his brief, that he was materially prejudiced by the amendments to the information because his counsel was forced to rethink their entire trial strategy. Furthermore, Gilbert argues that these amendments charged different offenses, in violation of Rule 23.08, which provides in pertinent part:
>
>> Any information may be amended or an information may be substituted for an indictment at any time before verdict or finding if:
>> (a) No additional or different offense is charged, and
>> (b) A defendant's substantial rights are not thereby prejudiced.

> No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to prepare a defense by reason of such amendment or substitution.

Rule 23.08; <u>see also</u> Section 545.300.

Finally, Gilbert argues that by permitting the State to amend the information and charge a new offense, the trial court lost jurisdiction because no new preliminary hearing was held. Gilbert relies on Section 544.250, which provides, in pertinent part, that "no prosecuting or circuit attorney in this state shall file any information charging any person or persons with a felony, until such person or persons shall first have been accorded the right of a preliminary examination before some associate circuit judge...."

The State correctly points out that, under Missouri's kidnapping statute, it is permissible to amend an information as long as the amendment "merely changes the manner or method by which the offense is committed and does not allege a different or additional offense." <u>State v. Allen</u>, 756 S.W.2d 167, 169 (Mo. App. W.D. 1987). In this case, the amendments to Gilbert's information merely involved changes in the manner or method by which Gilbert allegedly committed his crime. Accordingly, pursuant to the Western District's opinion in <u>Allen</u>, the trial court did not err in permitting the State to amend the information.

Regarding Gilbert's allegation of prejudice, we recognize that the test for prejudice under Rule 23.08 is "whether a defense under the original charge would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment." <u>Id.</u> at 170. Upon reviewing the record in this case, however, we find that Gilbert suffered no prejudice from the trial court's decision to permit the State to, first, file an information in lieu of an indictment on 23 November 2004, and second, to amend the indictment shortly before trial. Accordingly, because we find that the trial court did not err in permitting the State to amend the information twice, we also find that a second preliminary hearing was not required. Therefore, the trial court did not lose jurisdiction of this case. Point one is denied.

(Resp. Exh. E, PP. 2-4).

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Watts v. Gammon</u>, 2006 WL 744388 at *4 (E.D.Mo. Mar. 17, 2006) (internal quotations and citations omitted). This Court

thus considers only whether the claim of error raised in Ground 1 of the instant petition deprived Petitioner of his due process right to a fair trial. Dickson v. Nixon, 2007 WL 2159447 at *7 (E.D. Mo. Jul 25, 2007).

A federal court may grant habeas relief when a state court's ruling, "infringes upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process." Watts, 2006 WL 744388 at *4 (internal quotations and citations omitted). To meet this standard, Petitioner, "'must show a reasonable probability that the error affected the trial's outcome.'" Id., quoting Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995). Upon careful consideration of the entire record in this matter, the Court finds that Petitioner fails to make such a showing with respect to Ground 1 of his petition. Ground 1 must therefore be denied.

### 2. **Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts the trial court abused its discretion and denied Petitioner his right to be tried for the crimes charged, when it allowed the State to introduce evidence of Petitioner's actions after the kidnapping victim was released. (§ 2254 Petition, PP. 7-9). Petitioner raised this claim on direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> Second, Gilbert claims that the trial court abused its discretion in permitting the State to introduce, over his objections, evidence of his conduct following the release of Deatrice Redmond ("Redmond"), including "numerous instances of other crimes and bad acts." Specifically, Gilbert argues that the probative value of such evidence was greatly outweighed by its prejudicial effect. In addition, Gilbert argues that the prejudicial effect of this evidence was heightened by the admission of a photograph of Sylvester McGee's dead body.
>
> We note initially that trial courts are vested with broad discretion in deciding whether evidence is relevant and whether its probative value outweighs its potential inflammatory and prejudicial effect. State v. Gately,

- 9 -

907 S.W.2d 212, 221 (Mo. App. S.D. 1995). Accordingly, our review of such decisions is for an abuse of discretion, and we will not disturb such a finding unless the defendant shows that reasonable persons could not differ on the propriety of the trial court's ruling. Id.

Furthermore, we note that the test for relevance is whether the offered evidence tends to prove or disprove a fact in issue or corroborate other relevant evidence. State v. Alexander, 875 S.W.2d 924, 928 (Mo. App. S.D. 1994). With regard to admitting evidence of prior uncharged crimes, wrongs, or acts, such evidence is generally inadmissible to show the defendant's propensity to commit such crimes. State v. Bernard, 849 S.W.2d 10, 13 (Mo. banc 1993). However, such evidence is admissible if it is logically and legally relevant. Id. To be logically relevant, evidence must have "some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial." Id. In order for evidence to be legally relevant, its probative value must outweigh its prejudicial effect. Id.

Evidence of prior uncharged bad acts is admissible at trial if it has a legitimate tendency to prove the specific crime charged, and it tends to establish any one of the following: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more serious crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with the commission of the crime on trial. Id.

In this case, the trial court permitted the State to introduce evidence of Gilbert's conduct in Mississippi under the fourth exception, evidence concerning a common scheme or plan. However, Gilbert argues that this evidence was irrelevant to the crimes that occurred in St. Louis and unfairly prejudicial. We disagree.

As previously noted, trial courts are vested with great discretion in deciding whether to admit or exclude this type of evidence, see Gately, *supra*, and after thoroughly reviewing the record and the briefs in this case, we find no evidence that the trial court abused its discretion in permitting the state to introduce the evidence in question at trial. Point two is denied.

(Resp. Exh. E, PP. 4-6).

"The admission of evidence at a state trial provides a basis for federal habeas relief under the Due Process Clause only if the court's error in admitting the evidence was so obvious that it fatally infected the trial and rendered it fundamentally unfair." Dickson, 2007 WL 2159447 at *7 (internal

quotations and citations omitted).[8] "To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial--i.e., that absent the alleged impropriety the verdict probably would have been different." Id. (internal quotations and citations omitted).

Upon consideration, the Court finds admission of the challenged testimony did not affect the outcome of the trial, in light of the strong evidence of Petitioner's guilt. Dickson, 2007 WL 2159447 at *7. Specifically, the Court notes the kidnapping victim herself testified as to all the elements of the charged crimes. (Resp. Exh. B2, PP. 276-347, 369-370). In light of that testimony, this Court cannot say there exists a reasonable probability the jury's verdict might have been different had the trial court not admitted the evidence. See Smith v. Bowersox, 2007 WL 748462 at *14 (E.D. Mo. Mar. 7, 2007).[9] Ground 2 must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[8] "Under [the Antiterrorism and Effective Death Penalty Act of 1996's] habeas review, we consider whether the state...court's rejection of [Petitioner's] claim was an objectively unreasonable application of Supreme Court precedent concerning the Due Process Clause. Whether the evidence was properly admissible under Missouri law is 'no part' of our review, because habeas review does not lie to correct alleged errors of state law." Middleton v. Roper, 498 F.3d 812, 820 (8th Cir. 2007) (citation omitted).

[9] The Court's ruling should not be construed as condoning the state court's admission of the extremely prejudicial testimony and evidence.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>29th</u> day of August, 2008.

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE